Peretz Bronstein (PB-8628)
Shimon Yiftach  (SY-4433)
**Bronstein, Gewirtz & Grossman, LLC**
60 East 42nd Street, Suite 4600
New York, New York 10165
(212) 697-6484
peretz@bgandg.com
shimony@bgandg.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RON KUTAS,                                                                    Case No.:
Individually and on behalf of all others similarly
situated,

               Plaintiffs

     - against -

                              CLASS ACTION COMPLAINT

INFINITY AUGMENTED REALITY, INC., MOSHE
HOGEG, MOTTI KUSHNIR, MATAN PROTTER,
and ORTAL ZANZURI,                                                **JURY TRIAL DEMANDED**

               Defendants.
-----------------------------------------------------------------X

       Plaintiff Ron Kutas, individually and on behalf of all others similarly situated as defined

herein, by their undersigned counsel, complaining of defendants INFINITY AUGMENTED

REALITY, INC., MOSHE HOGEG, MOTTI KUSHNIR, MATAN PROTTER,

and ORTAL ZANZURI, alleges as follows:

<u>NATURE OF THE ACTION</u>

      1.     Plaintiffs and the Class bring this action against Defendants Infinity Augmented

Reality, Inc. ("Infinity AR"), Moshe Hogeg, Motti Kushnir, Matan Protter, and Ortal Zanzuri for

breach of fiduciary duties.  This is a shareholder class action against the company and its

directors and officers for forcing a cash out merger to their benefit and to the detriment of the shareholders.

2.      Each shareholder received $0.063451 per share, valuating the company at roughly $7 million.  However, the company was worth much more than that.  Only one month after the merger, Alibaba invested in Infinity AR at a valuation of about $70 million, 10 times the valuation that shareholders received.

## PARTIES

3.      Plaintiff Ron Kutas is a citizen of New York.  He held shares of Infinity AR at the time of the merger and was damaged because he received a price per share far below the true valuation of Infinity AR.

4.      Defendant Infinity Augmented Reality Inc. ("Infinity AR") is a Nevada corporation with its principal and executive offices in New York, New York.  Infinity AR is a leading company developing a software-based augmented reality engine.

5.      Defendant Moshe Hogeg is and was at all relevant times a director of Infinity AR.  Upon information and belief, he is a citizen of Israel.

6.      Defendant Motti Kushnir is and was at all relevant times the President of Infinity AR.  Upon information and belief, he is a citizen of Israel.

7.      Defendant Matan Protter is and was at all relevant times a Director of Infinity AR.  Upon information and belief, he is a citizen of Israel.

8.      Defendant Ortal Zanzuri is and was at all relevant times the Secretary and Treasurer of Infinity AR.  Upon information and belief, Zanzuri is a citizen of Israel.

9.      All defendants are hereafter collectively referred to as Defendants and the individual defendants in paragraphs 5-8 above are hereafter collectively referred to as Individual Defendants.

## JURISDICTION AND VENUE

10.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d)(2)(A) because at least one member of the putative class is a citizen of a state other than that of the citizenship of at least one of the defendants, there are more than 100 class members, and the damages suffered and sought to be recovered herein total, in the aggregate, in excess of $5,000,000, exclusive of interest and costs.  Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2)(C) because at least one defendant is a citizen or subject of a foreign state.

11.     At all times material, Defendants have had purposeful and continuous, systematic contacts in or affecting the state of New York. Defendant is registered with the State of New York to do business in this state.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because Defendants, at all material times, have had continuous and systematic contacts in this district by actively doing business and perpetuating the illegal actions that are the subject of this lawsuit in this district. Defendants' principal place of business and/or executive offices are in New York, New York.   In addition, all facts and transactions related to Plaintiff's claims occurred in this district.  In addition, Plaintiff resides in this district.

## FACTS

13.     On or around September 23, 2016, Infinity AR entered into a merger agreement whereby its wholly owned subsidiary, IAR Merger Sub, Inc., merged with and into Infinity AR.

14.     All Infinity AR shareholders, including Plaintiff, received the following or similar message at the time of the merger:

> SHAREHOLDERS ARE ADVISED OF A MERGER BY WHICH IAR MERGER SUB, INC., A WHOLLY OWNED SUBSIDIARY OF INFINITY AUGMENTED REALITY, INC. (THE "COMPANY") WILL BE MERGED WITH AND INTO THE COMPANY.

IAR MERGER SUB, INC. WILL DISAPPEAR AND THE COMPANY WILL
CONTINUE IN THE SAME MANNER AS PRIOR TO THE MERGER. THE
TRANSACTION WAS APPROVED VIA THE WRITTEN CONSENT OF A
MAJORITY OF THE ISSUED AND OUTSTANDING SHARES OF THE COMPANY.
ALL CURRENT SHAREHOLDERS OF THE COMPANY, EXCEPT THOSE WHO
SIGNED A SHAREHOLDER AGREEMENT, WILL RECEIVE THE
MERGER CONSIDERATION, $0.063451.

15.     Plaintiff owned about 60,000 shares of Infinity AR prior to and during the merger.

He lost his shares for the above-mentioned unfairly low price per share.

16.     The price per share valuated Infinity AR at approximately $7 million.  However,

only about one month later on November 1, 2016, Alibaba and Sun Corporation invested $18

million into the company, providing a valuation of $60-70 million.

17.     As is evident in this disparity, the $7 million that shareholders received was

drastically undervaluing the company and short changed shareholders.

18.     Upon information and belief, Defendants intentionally caused this undervaluation

and cash out of shareholders to their own benefit in the form of retained shares, which were more

valuable and instantly became even more valuable with the new investment.

19.     The Individual Defendants were all insiders and knew that Alibaba and Sun

Corporation were going to invest heavily in the company at a high valuation.  The Individual

Defendants negotiated and/or were otherwise involved in the merger and later investments.

Nevertheless, they initiated and forced the merger to their own benefit and to the detriment of the

shareholders.

20.     The Individual Defendants, knowing this was a bad deal for shareholders, advised

the shareholders that they should accept the merger and provided them an improper valuation.

21.     Infinity Augmented Reality, Ltd. is a wholly owned subsidiary of Infinity AR.

**THE INDIVIDUAL DEFENDANTS' FIDUCIARY DUTIES**

22.     Under applicable law, in any situation where the directors of public corporation undertake a transaction that will result in a forced cash out of the shareholders, the directors have an affirmative fiduciary obligation to obtain the highest value reasonably available for the corporation's shareholders.  To diligently comply with these duties, the directors and/or officers may not take any action that:

(a)  adversely affects the value provided to the corporation's shareholders;

(b)  contractually prohibits them from complying with their fiduciary duties;

(c)  will otherwise adversely affect their duty to search and secure the best value reasonably available under the circumstances for the corporation's shareholders; and/or

(d)  will provide the directors and/or officers with preferential treatment at the expense of, or separate from, the public shareholders.

23.     In accordance with their duties of loyalty and good faith, the Individual Defendants, as directors and/or officers of Joy Global, are obligated under applicable law to refrain from:

(a)  participating in any transaction where the directors' or officers' loyalties are divided;

(b)  participating in any transaction where the directors or officers receive, or are entitled to receive, a personal financial benefit not equally shared by the public shareholders of the corporation; and/or

(c)  unjustly enriching themselves at the expense or to the detriment of the public shareholders.

24.     Plaintiff alleges herein that the Individual Defendants, separately and together, in connection with the merger, knowingly or recklessly violated their fiduciary duties, including

their duties of loyalty, good faith and independence owed to plaintiff and other public

shareholders of Infinity AR.

25.     Because the Individual Defendants knowingly or recklessly breached their duties

of loyalty, good faith and independence in connection with the Proposed Acquisition, the burden

of proving the inherent or entire fairness of the merger, including all aspects of its negotiation,

structure, price and terms, is placed upon defendants as a matter of law.

CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action individually and as a class action on behalf of all

persons and entities who held Infinity AR stock at the time of the merger and were harmed

thereby (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust,

corporation, or other entity related to or affiliated with any defendant.

27.     This action is properly maintainable as a class action under Rule 23 of the Federal

Rules of Civil Procedure.

28.     Numerosity: The members of the Class are so numerous and geographically

diverse that joinder of all of them is impracticable. While the exact number and identities of

members of the Class are unknown to Plaintiff at this time and can only be ascertained through

appropriate discovery, Plaintiff believes and avers that there are at least thousands of class

members.

29.     Commonality: Plaintiff and Class Members' claims derive from a common core

of salient facts and share many of the same legal claims. There are questions of fact or law

common to members of the Class which predominate over any questions affecting any individual

members, including, but not limited to, the following:

(a) whether the Individual Defendants have breached their fiduciary duties of undivided

6

loyalty, independence or due care with respect to plaintiff and the other members of the Class in connection with the merger;

(b) whether defendants have engaged in self-dealing in connection with the merger;

(c) whether the Individual Defendants have breached their fiduciary duty to secure and obtain the best price reasonable (the accurate price and valuation) under the circumstances for the benefit of plaintiff and the other members of the Class in connection with the merger;

(d) whether defendants are unjustly enriching themselves and other insiders or affiliates of Infinity AR; and

(e) whether the Individual Defendants have breached any of their other fiduciary duties owed to plaintiff and the other members of the Class in connection with the merger, including the duties of good faith, diligence, honesty and fair dealing;

(f) whether defendants have failed to disclose material information to shareholders in connection with the merger;

(g) whether the consideration payable in connection with the Proposed Acquisition to plaintiff and the Class is unfair and inadequate;

(h) whether Infinity AR aided and abetted the wrongful acts of the Individual Defendants.

30.     Typicality: Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff's claims arise from the same course of deceptive conduct by Defendants that affects Class Members.  Plaintiff does not have any claims adverse to the class.

31.     Adequacy: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's claims are coextensive with, and not antagonistic to, the claims of other Class Members. Plaintiff is willing and able to vigorously prosecute this action on behalf of the Class. Plaintiff's attorneys are competent and experienced in the area of representative and class actions.

32.     Common questions of law and fact predominate over issues that are individual to members of the Class. The proposed Class is sufficiently cohesive to warrant class and representative treatment. A class action is superior to other available methods for the fair and efficient adjudication of this action. The expense of litigating each Class Member's claim individually would be so cost prohibitive as to deny Class Members a viable remedy.  Plaintiff envisions no unusual difficulty in the management of this action as a class action.

**COUNT I**
Breach of Fiduciary Duties
Against the Individual Defendants

33.     Plaintiff repeats and realleges the foregoing allegations.

34.     The Individual Defendants have knowingly and recklessly and in bad faith violated fiduciary duties of care, loyalty, good faith, candor and independence owed to shareholders of Infinity AR and have acted to put their personal interests and the interests of others ahead of the interests of Infinity AR's shareholders.

35.     By the acts, transactions and courses of conduct alleged herein, the Individual Defendants, individually and acting as a part of a common plan, knowingly or recklessly and in bad faith, have acted to unfairly deprive plaintiff and other members of the Class of the ability to make informed and intelligent decisions regarding their investment in Infinity AR.

36.     As demonstrated by the allegations above, the Individual Defendants have knowingly or recklessly failed to exercise the care required, and have breached their duties of loyalty, good faith and independence owed to shareholders of Infinity AR because, among other reasons, they failed to provide all material information about the merger to shareholders and to act in accordance with their fundamental duties of good faith, due care and loyalty.

37.     By reason of the foregoing acts, practices and course of conduct, defendants have violated their fiduciary obligations toward plaintiff and the other members of the Class.

38.     As a result of defendants' unlawful actions, plaintiff and the other members of the Class have been harmed.

## COUNT II
Aiding and Abetting the Individual Defendants' Breach of Fiduciary Duties
Against Infinity AR

39.     Plaintiff repeats and realleges the foregoing allegations.

40.     Defendant Infinity AR is sued herein as an aider and abettor of the breaches of fiduciary duties outlined above by the Individual Defendants as members of the Board of Infinity AR.

41.     The Individual Defendants breached their fiduciary duties of good faith, loyalty, and due care to Infinity AR shareholders by failing to provide all material information about the merger to shareholders and act in accordance with their fundamental duties of good faith, due care and loyalty.

42.     Such breaches of fiduciary duty could not, and would not, have occurred but for the conduct of defendant Infinity AR, who therefore aided and abetted such breaches by entering into the merger agreement.

43.     Defendant Infinity AR had knowledge that it was aiding and abetting the Individual Defendants' breaches of their fiduciary duties to the shareholders.

44.     Defendant Infinity AR rendered substantial assistance to the Individual Defendants in the breaches of their fiduciary duties to the shareholders.

45.     As a result of the conduct of defendant Infinity AR in aiding and abetting the Individual Defendants' breaches of fiduciary duties, plaintiff and the class have been harmed.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a jury trial.

WHEREFORE, Plaintiff and the Class demand judgment against Defendants on the First and Second causes of action as follows:

A.  Determining that this action is a proper class action, designating plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

B.  Declaring and decreeing that the merger was entered into in breach of the Individual Defendants' fiduciary duties and are therefore unlawful and unenforceable;

C.  An award of damages allowed under the two causes of action;

D.  Awarding plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees; and

E.  Granting such other and further relief as this Court may deem just and proper.

Dated:  January 3, 2017

BRONSTEIN, GEWIRTZ
 & GROSSMAN, LLC

By:
    /s/ Peretz Bronstein
Peretz Bronstein (PB-8628)
Shimon Yiftach (SY-4433)
60 East 42nd Street, Suite 4600
New York, New York 10165
(212) 697-6484
peretz@bgandg.com
shimony@bgandg.com

*Attorneys for Plaintiff*